IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:11CV434 |
| NEAL E. HALL, d/b/a SHOWMEMYFUTURE.COM, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

BEATY, District Judge.

This matter is before the Court on Recommendation of the United States Magistrate Judge [Doc. #42] recommending that Plaintiff U.S. Commodity Futures Trading Commission's Motion for Summary Judgment [Doc. #37] be granted and that a permanent injunction and fine be imposed against the Defendant. The Recommendation was filed on November 21, 2013, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On November 27, 2014, Defendant filed timely Objections to the Recommendation [Doc. #44]. Defendant, thereafter, filed additional Objections [Doc. #48] on January 10, 2014, to which Plaintiff responded [Doc. #49].[1] The Court has now reviewed *de novo* the Objections and the portions of the Recommendation to which objection was made, and finds that the Objections do not change the substance of the United States Magistrate Judge's ruling. The Magistrate Judge's Recommendation [Doc. #42] is therefore affirmed and adopted.

---

[1] The Court notes that Plaintiff opposed Defendant filing these additional objections, and requested that they be stricken as untimely, as they were filed two days after the deadline provided for the filing of additional Objections. Due to the short delay in filing, the Court, nonetheless, considered Defendant's additional Objections.

IT IS THEREFORE ORDERED, Plaintiff's Motion for Summary Judgment requesting injunctive relief is HEREBY GRANTED and Defendant, pursuant to 7 U.S.C. § 13a-1(d)(1), is to pay $210,000 as a monetary penalty for his non-compliance with the Commodity Exchange Act, 7 U.S.C. § 6(m)(1), and Federal Regulations, 17 C.F.R. § 4.41(a)(3) and 17 C.F.R. § 4.41(b)(1).

IT IS FURTHER ORDERED, that Defendant, his agents, servants, employees, assigns, attorneys, and persons in active concern of participation with the Defendant, including any successor thereof, is enjoined and prohibited from engaging, directly or indirectly, in any conduct or activity that:

(a) violates Section 4(m)(1) of the Act, 7 U.S.C. § 4(m)(1), or Regulations 4.41(a)(4) and (b)(1), 17 C.F.R. §§ 4.41(a)(3) and (b)(1);

(b) results in trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, codified as amended at 7 U.S.C. § 1a(40));

(c) involves controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts");

(d) relates to or otherwise involves soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures,

options on commodity futures, commodity options, and/or forex contracts;

(e)  relates to or otherwise involves applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

(f)  constitutes acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent or any other officer or employee of any person registered exempted from registration or required to be registered with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

This, the 30th day of September, 2014.

/s/ James A. Beaty
United States District Judge